RUSSELL WALTER v. VANCE COUNTY, BY AND THROUGH ITS AGENTS JERRY L. AYSCUE IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS COUNTY MANAGER OF VANCE COUNTY, WILLIAM H. HUGHES, DANNY W. WRIGHT, WILLIAM L. FLEMING, JR., J. TIMOTHY PEGRAM, AND RAY AYSCUE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY AS MEMBERS OF THE VANCE COUNTY BOARD OF COMMISSIONERS

No. 889SC65

(Filed 5 July 1988)

1. **Master and Servant § 10.2— maintenance employee—refusal to paint restroom —discharge for just cause**

    Painting of a courthouse restroom was reasonably incidental to the general work for which plaintiff had been employed where plaintiff was hired

as a "buildings and grounds maintenance man," and his job description specifically required that plaintiff perform "related work as required"; therefore, plaintiff's refusal to perform the requested chore was unwarranted and plaintiff's discharge was for just cause.

**2. Municipal Corporations § 11.1— grievance procedure for all local government employees not required**

There was no merit to plaintiff's contention that N.C.G.S. Chap. 126 established a public policy that all local government employees have the protection of a grievance procedure, since Chapter 126 applied to county employees only as the "boards of county commissioners may from time to time determine," N.C.G.S. § 126-5(a), and Vance County has not made Chap. 126 applicable to its employees.

APPEAL by plaintiff from *Clark (Giles R.), Judge*. Judgment entered 27 August 1987 in Superior Court, VANCE County. Heard in the Court of Appeals 1 June 1988.

Plaintiff instituted this action alleging that on 25 March 1977 Vance County hired him as a housekeeper/janitor for a six-month probationary period and thereafter as a permanent employee on a year-to-year basis. Plaintiff's primary responsibility was providing cleaning and minor maintenance services for the Vance County Courthouse. Plaintiff further alleges that during April and May of 1986 defendant Jerry L. Ayscue, the county manager and finance officer for Vance County, discussed with plaintiff the painting of a courthouse restroom. Plaintiff stated that he would not paint because painting was not a part of his job description but that he would do so if his job description was changed. The county manager informed plaintiff that he considered small paint jobs to be minor repair and maintenance and thus included within plaintiff's job description. On 21 May 1986, when plaintiff refused to carry out the painting as instructed, his employment was terminated. Plaintiff seeks to recover for breach of an express or implied employment contract. Plaintiff also seeks to allege claims for violation of public policy and for defendants' negligence and wilful and wanton conduct in failing to establish a grievance procedure. Plaintiff seeks to recover actual and punitive damages for his alleged unjust dismissal.

In their answer defendants denied the material allegations of plaintiff's complaint. Defendants filed a motion for summary judgment. Both plaintiff and defendants submitted affidavits and oth-

er documentation relating to the motion. From an order granting defendants' motion for summary judgment, plaintiff appeals.

*Willie S. Darby for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Guy F. Driver, Jr., M. Ann Anderson, and William McBlief, for defendant-appellees.*

SMITH, Judge.

Plaintiff's sole assignment of error is directed at the trial court's order granting defendants' motion for summary judgment. Plaintiff contends the trial court erred in granting defendants' motion in that (1) the contract of employment was for a definite period of time (from year to year) and could not be unilaterally terminated before the end of the term; (2) plaintiff's job description did not include painting as one of plaintiff's duties, and therefore plaintiff could not be fired for refusing to paint unless his job description was formally changed; and (3) termination of plaintiff's employment without providing a grievance procedure violated public policy. Plaintiff's brief does not discuss or cite any authority with regard to the granting of summary judgment on an additional alleged claim for relief for defendants' negligence and wilful and wanton conduct in failing to establish a grievance procedure. Therefore, any contention that the court erred with regard to this claim is deemed abandoned. App. R. 28(a).

Defendants would be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [defendants are] entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). If the pleadings and proof establish that no claim for relief exists, summary judgment is proper. *Coleman v. Cooper*, 88 N.C. App. 188, 366 S.E. 2d 2 (1988). In ruling on a motion for summary judgment, the court must consider any evidence in the light most favorable to the non-movant, *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986), while also giving to the non-movant all favorable inferences which may reasonably be drawn from the facts proffered. *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974).

[1] In the case *sub judice* plaintiff's affidavit is to the effect that he was told at the time of his hiring he would be a probationary employee for a period of six months and thereafter would be employed on a year-to-year basis. Defendants' affidavits indicate that plaintiff was never told his employment would be from year to year. Assuming *arguendo* that plaintiff's affidavit sets forth the correct facts and that he was employed on an annual basis, plaintiff could still be discharged during the term of his employment for just cause. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). When an employee is hired for a "fixed term, the contract cannot be terminated at an earlier period except for cause or by mutual consent." *Id.* at 259, 182 S.E. 2d at 406-07.

The job description applicable to plaintiff's position provides:

BUILDINGS AND GROUNDS MAINTENANCE MAN

DESCRIPTION OF WORK

This is responsible cleaning and minor maintenance work.

An employee in this class is responsible for the cleaning and minor repair of the Vance County Courthouse building. Duties include the heavy cleaning of offices, rest rooms, and hallways, and the minor repair of the heating, plumbing, and air conditioning systems. Work is performed under the direction of the Tax Supervisor-Collector; however, the employee is expected to use independent judgment in scheduling recurring duties.

EXAMPLES OF DUTIES PERFORMED

Scrubs, mops, waxes, and polishes floors in offices, hallways and closets.

Washes windows, woodwork, walls and ceilings.

Scrubs and cleans bathroom fixtures, replenishes tissue, towels, and soap; replaces light bulbs, empties waste baskets and other containers.

Mowes [sic] grass, trims shrubbery, sweeps sidewalks, rakes leaves and trash around buildings and generally maintains the exterior appearance of the Courthouse building.

Moves office equipment and supplies as directed.

Checks boiler and heating plant for proper operation and makes minor adjustments when necessary.

Makes minor plumbing, electrical, and carpentry repairs.

Performs related work as required.

RECRUITMENT STANDARDS

*Knowledge, Skills, and Abilities:*

General knowledge of the various phases of janitorial work.

General knowledge of the janitorial supplies used in floor finishings, window washing and house cleaning.

General knowledge of the Courthouse plumbing, heating and electrical systems.

Ability to make minor repairs and determine when to ask for assistance.

Ability to follow oral and written instructions.

When a person is employed for general work of a particular kind, he must be ready to perform any kind of work reasonably incidental to that work though he is not obligated to accept employment of an entirely different kind. 56 C.J.S. Master and Servant, Section 63, p. 478. Plaintiff's job description specifically required that plaintiff perform "related work as required." We hold that the painting contemplated in this case was reasonably incidental to the general work for which plaintiff had been employed. We also hold that it was "related work" as that term is used in plaintiff's job description. Defendant county's personnel resolution specifically states: "If a permanent employee . . . willfully fails to perform assigned duties, he may be dismissed by his department head." When plaintiff accepted employment, the law implied a promise by plaintiff to render efficient service in good faith to his employer. *Hagan v. Jenkins*, 234 N.C. 425, 67 S.E. 2d 380 (1951). "There is said to be always on the part of the servant an implied obligation to enter the master's service and serve him diligently and faithfully, and to conduct himself properly, and generally to perform all the duties incident to his em-

Walter v. Vance County

ployment honestly and with ordinary care." *Ivey v. Cotton Mills*, 143 N.C. 189, 195, 55 S.E. 613, 615 (1906). Plaintiff's refusal to perform the requested chore was unwarranted and plaintiff's discharge was for just cause.

Plaintiff also argues that his job description was a part of his employment contract and that since painting was not specifically listed therein, he could not be discharged for refusing to perform the painting assignment without a change in his job description. Having held the painting assignment was "related work" within plaintiff's job description, it is unnecessary for us to discuss this contention.

[2] Lastly, plaintiff argues that his termination was improper in that Vance County violated public policy by failing to adopt a grievance procedure for employees. Plaintiff contends that G.S., Chap. 126 establishes a public policy that all local government employees have the protection of a grievance procedure. We disagree. With certain exceptions not here applicable, Chapter 126 applies to county employees only as the "boards of county commissioners may from time to time determine." G.S. 126-5(a). Vance County has not made G.S., Chap. 126 applicable to its employees. It might very well be advisable for all employees of local government to be protected by a grievance procedure and have the resulting job security. However, it is the function of the General Assembly to establish the public policy of this State. *Martin v. Housing Corp.*, 277 N.C. 29, 175 S.E. 2d 665 (1970). If the Legislature desired to establish a public policy entitling county employees to the protection of G.S., Chap. 126, it could have done so. In that event, the Legislature would not have given the individual boards of county commissioners the absolute discretion to decide whether Chapter 126 would be applicable to county employees. The ruling of the trial court is

Affirmed.

Judges EAGLES and ORR concur.