KATHLEEN CONRAN, Petitioner v. NEW BERN POLICE DEPARTMENT; CITY OF NEW BERN; and CITY OF POLICE CIVIL SERVICE BOARD, Respondents

No. COA95-527

(Filed 19 March 1996)

**Public Officers and Employees § 42 (NCI4th)— city employee—dismissed—no right to OAH review**

A former city police officer was not a state or local employee within the meaning of N.C.G.S. Chapter 126 and thus was not entitled to petition OAH in order to challenge her dismissal based on alleged sex and creed discrimination. N.C.G.S. §§ 126-5, 126-16, 126-37.

**Am Jur 2d, Municipal, County, School and State Tort Liability § 662; Public Officers and Employees § 259.**

**Application of state law to sex discrimination in employment. 87 ALR3d 93.**

Appeal by petitioner from judgment entered 9 January 1995 by Judge James D. Llewellyn in Craven County Superior Court. Heard in the Court of Appeals 21 February 1996.

*Voerman & Carroll, P.A., by David P. Voerman, for petitioner-appellant.*

*Ward, Ward, Willey & Ward, L.L.P., by A.D. Ward, for respondent-appellees.*

**CONRAN v. NEW BERN POLICE DEPT.**

[122 N.C. App. 116 (1996)]

WYNN, Judge.

On 29 July 1993, Kathleen Conran petitioned the Office of Administrative Hearings ("OAH"), challenging her employment dismissal from the City of New Bern Police Department ("the city") in May of 1993. She alleged sex and creed discrimination.

In response, respondents moved to dismiss for lack of subject matter jurisdiction arguing that Ms. Conran, a former employee of the city, was not a state or local employee as defined by N.C. Gen. Stat. § 126-5 (1995), and thus was not entitled to petition OAH.

Senior Administrative Law Judge Fred G. Morrison, Jr., agreed that the OAH lacked subject matter jurisdiction and, in an order dated 21 September 1993, dismissed Ms. Conran's petition.

Ms. Conran's appeal to the Superior Court of Craven County resulted in a judgment, dated 9 January 1995, affirming Judge Morrison's decision. She now seeks relief in this Court.

---

The issue is whether the trial court erred in affirming the decision of Judge Morrison that the OAH lacks subject matter jurisdiction over Ms. Conran's claim. Ms. Conran contends that N.C. Gen. Stat. § 126-16 (1995) and N.C. Gen. Stat. § 126-37 (1995), read together, confer subject matter jurisdiction to the OAH to hear her claim. We disagree.

N.C.G.S. § 126-5, entitled "Employees subject to Chapter; exemptions" designates which employees are covered under Chapter 126:

(a) The provisions of this Chapter shall apply to:

(1) All State employees not herein exempt, and

(2) To all employees of area mental health, mental retardation, substance abuse authorities, and to employees of local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds; and the provision of this Chapter may apply to such other county employees as the several boards of county commissioners may from time to time determine.

The record concedes that Ms. Conran was not a state employee; therefore, Ms. Conran must rely upon N.C.G.S. § 126-5(a)(2) to establish that a police officer working for a city in North Carolina is an employee subject to Chapter 126. This she fails to do.

A police officer is not an employee of a mental health, mental retardation, or a substance abuse authority. Likewise, a police officer is not covered under the part of subsection (2) that provides for employees of "local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds . . . ." In addition, there is no evidence in the record that New Bern police officers are county employees determined by county commissioners. Thus, Ms. Conran fails to demonstrate that her position is covered by N.C.G.S. § 126-5.

Nevertheless, Ms. Conran argues that by reading N.C.G.S. § 126-16 together with N.C.G.S. § 126-37, her claim should be placed among those covered by Chapter 126. N.C.G.S. § 126-16 states:

> All State departments and agencies and *all local political subdivisions of North Carolina* shall give equal opportunity for employment and compensation, without regard to race, religion, color, creed, national origin, sex, age, or handicapping condition as defined in G.S. 168A-3 to all persons otherwise qualified, except where specific age, sex or physical requirements constitute bona fide occupational qualifications necessary to proper and efficient administration.

(emphasis supplied).

N.C.G.S. § 126-37, as it existed on the date of Ms. Conran's petition, stated, in pertinent part:

> (a) The decisions of the State Personnel Commission shall be binding *in appeals of local employees subject to this Chapter* if the Commission finds that the employee has been subjected to discrimination prohibited by Article 6 of this Chapter or in any case where a binding decision is required by applicable federal standards. However, in all other local employee appeals, the decisions of the State Personnel Commission shall be advisory to the local appointing authority.

(emphasis supplied).

Ms. Conran argues that the italicized portions of N.C.G.S. §§ 126-16 and 126-37 grant local employees such as herself the right to OAH review, at least when discrimination as forbidden in N.C.G.S. § 126-16 is alleged. We disagree.

Where one statute deals with certain subject matter in particular terms and another deals with the same subject matter in more general

terms, the particular statute will be viewed as controlling in the particular circumstances absent clear legislative intent to the contrary." *Bryant v. Adams*, 116 N.C. App. 448, 457, 448 S.E.2d 832, 836-37 (1994).

N.C.G.S. § 126-5 states in particular terms which employees are covered by Chapter 126. On the other hand, N.C.G.S. § 126-16 and N.C.G.S. § 126-37 address the same subject matter in general terms. Moreover, neither N.C.G.S. § 126-16 nor N.C.G.S. § 126-37 affirmatively grants a remedy to a local employee such as Ms. Conran, who is not otherwise covered by Chapter 126.

In short, N.C.G.S. § 126-5 controls which employees are subject to Chapter 126. The petitioner is not within that class of employees. "If the Legislature desired to establish a public policy entitling county [or city] employees to the protection of G.S., Chap. 126, it could have done so." *Walter v. Vance County*, 90 N.C. App. 636, 641, 369 S.E.2d 631, 634 (1988).

The decision of the trial court is affirmed.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.