UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

JAMES MCLEAN,

*Plaintiff-Appellant,*

v.

TOWN OF CAROLINA BEACH, NORTH CAROLINA, a body politic and incorporate; TOWN OF CAROLINA BEACH BOARD OF COMMISSIONERS (TOWN COUNCIL); GEORGE ROSE, in his individual and official capacities; PAT EFIRD, individually and in her official capacity; JOEL MACON, individually and in his official capacity; KIMBERLY ROBERTS, individually and in her official capacity; ANTHONY LORETI, individually and in his official capacity; RICK BURROUGHS, individually and in his official capacity; RAY ROTHROCK, in his official capacity; CALVIN PECK, in his official capacity; DENNIS BARBOUR, in his official capacity; MARK DUNSFORD, in his official capacity; GARY DOETSCH, in his official capacity; MIKE MAYER, in his individual and official capacity; DALE DAVIS, individually and in his official capacity,

*Defendants-Appellees.*

No. 00-1898

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-99-17-F1)

Submitted: March 8, 2001

Decided: March 16, 2001

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James McLean, Appellant Pro Se. Patricia Lee Holland, CRANFILL, SUMNER & HARTZOG, L.L.P., Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James McLean appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint. McLean alleged that he was wrongfully terminated from his position as a police officer in retaliation for his accusations against town officials and other members of the police department. He claimed that this discharge violated his rights to free speech under the United States and North Carolina Constitutions, and violated a North Carolina statute that prohibited retaliatory discharge of state employees who report improper government activities. *See N.C. Gen. Stat.* § 126-84, 86 (1999).

We have reviewed the record and conclude that McLean's speech was not that of a private citizen speaking on a matter of public concern, but that of an employee, entitled to lesser First Amendment protection. *See McVey v. Stacy*, 157 F.3d 271, 277 (4th Cir. 1998); *DiMeglio v. Haines*, 45 F.3d 790, 804-05 (4th Cir. 1995). Moreover, even assuming McLean's speech merited full First Amendment protection, we conclude that his speech was not a substantial motivating, or "but for" factor in his discharge, which was supported by numerous violations of departmental regulations. *Maciariello v. Sumner*, 973 F.2d 295, 299-300 (4th Cir. 1992). McLean's constitutional claims were therefore properly dismissed. *See Evans v. Cowan*, 510 S.E.2d 170, 175 (N.C. App. 1999). McLean's claim under the "whistle-blower" statute is also without merit, as local police officers are not within the group of employees for whom the statute provides protection. *See Conran v. New Bern Police Dep't*, 468 S.E.2d 258, 259 (N.C. App. 1996).

Accordingly, we affirm the judgment of the district court. *See McLean v. Town of Carolina*, No. CA-99-17-F1 (E.D.N.C. May 31, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*