MICHAEL LEROY HILLIS, PETITIONER-APPELLANT v. WINSTON-SALEM STATE UNIVERSITY, RESPONDENT-APPELLEE

No. COA00-585

(Filed 19 June 2001)

**Administrative Law— jurisdiction of Office of Administrative Hearings—Article 8 discrimination claim—state employee**

The trial court did not err by affirming the Office of Administrative Hearings' conclusion that it lacked jurisdiction to hear a contested case brought by a former employee of the University of North Carolina serving as a part-time lecturer and temporary coordinator of respondent university's occupational therapy program who claimed that he was discriminated against in violation of N.C.G.S. § 126-16 based on the fact that he was a white male and was informed that the individual hired by respondent as the permanent coordinator was a black female, because: (1) the state employment position from which petitioner was terminated and the position for which petitioner's application was denied were both exempt from Article 8; and (2) the

term "state employee" in the contested case provisions of Article 8 refers to the employment at issue in the underlying contested case and not to the particular employment status of a given petitioner at the time of filing a contested case.

Appeal by petitioner from order entered 24 January 2000 by Judge James E. Ragan, III in Superior Court, Wilson County. Heard in the Court of Appeals 27 March 2001.

*Voerman Law Firm, PLLC, by David P. Voerman, for petitioner-appellant.*

*Attorney General Roy A. Cooper, by Assistant Attorney General Joyce S. Rutledge, for respondent-appellee.*

McGEE, Judge.

Petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings (OAH) on 2 April 1998. An administrative law judge (ALJ) granted respondent's motion for summary judgment on 17 May 1999, holding that OAH lacked jurisdiction over the matter. Petitioner petitioned for judicial review, and the trial court affirmed the ALJ's decision on 24 January 2000. Petitioner appeals.

Petitioner was employed by respondent under contract from 2 January 1997 to 30 June 1997 as a part-time lecturer and temporary coordinator of respondent's new Occupational Therapy Program (OTP). At the expiration of the contract, petitioner continued working for respondent in the same capacity with the understanding that, should a permanent coordinator of the OTP not be found by 30 December 1997, the position would be made available to petitioner. Petitioner asserts that, in December 1997, petitioner was offered and accepted the position of permanent coordinator of the OTP on a part-time basis beginning 1 January 1998 and on a full-time basis effective April 1998.

Petitioner learned in February 1998 that respondent had advertised for and in fact had hired someone other than petitioner to be the permanent coordinator of the OTP. Petitioner received a letter on 6 March 1998 clarifying that he had not been offered the position of permanent coordinator and that his employment would end on 31 March 1998. Because he is a white male, and because he had been informed that the individual hired by respondent as permanent coordinator of

the OTP is a black female, petitioner petitioned for a contested case hearing with the OAH on 2 April 1998 asserting that respondent had discriminated against him on the basis of his sex and race in violation of N.C. Gen. Stat. § 126-16.

The decision of the ALJ that OAH did not have jurisdiction to hear petitioner's contested case was a final decision under N.C. Gen. Stat. § 150B-36(c)(1) (1999), entitling petitioner to immediate judicial review pursuant to N.C. Gen. Stat. § 150B-43 (1999). The trial court's scope of review under N.C. Gen. Stat. § 150B-51(b) (1999) includes assuring that the decision of the ALJ contains no errors of law, is supported by substantial competent evidence, and is neither arbitrary nor capricious.

Chapter 126 of the North Carolina General Statutes governs the State Personnel System. N.C. Gen. Stat. § 126-5(a) (1999) states Chapter 126 applies to all State employees not specifically exempted. N.C. Gen. Stat. § 126-5(c1)(8) (1999) specifically exempts the instructional and research staff of the University of North Carolina from all provisions of Chapter 126 except Articles 6 and 7. Respondent is a part of the University of North Carolina, and the position of coordinator of respondent's OTP includes teaching duties. Petitioner does not challenge the ALJ's Finding of Fact No. 2 that the position of coordinator of the OTP is an exempt position.

Petitioner alleges that he was discriminated against in violation of N.C. Gen. Stat. § 126-16 (1999), which requires that "[a]ll State departments and agencies . . . shall give equal opportunity for employment and compensation, without regard to race, religion, color, creed, national origin, sex, age, or handicapping condition[.]" N.C. Gen. Stat. § 126-34.1 (1999) permits a former State employee or applicant for State employment to file a contested case before OAH if employment has been terminated or denied in violation of N.C.G.S. § 126-16. However, while N.C.G.S. § 126-16 is in Article 6 and therefore is applicable to otherwise exempt University of North Carolina employees, N.C.G.S. § 126-34.1 is in Article 8 and therefore is explicitly not applicable. It follows that OAH lacks jurisdiction to hear a contested case brought under Article 8 by exempt employees of the University of North Carolina, including the coordinator of respondent's OTP.

Although N.C.G.S. § 126-16 prohibits discrimination based on sex or race, it does not, by itself, provide for bringing a contested case

before OAH. Petitioner suggests that our Supreme Court's decision in *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990) indicates otherwise. However, unlike the Department of Correction employment position at issue in the *Batten* case, the position of coordinator of respondent's OTP is specifically exempt from Article 8 of Chapter 126. As our Court has stated, " '[i]f the Legislature desired to establish a public policy entitling [UNC faculty] to the protection [of the grievance procedures] of G.S., Chap. 126, it could have done so.' " *Conran v. New Bern Police Dept.*, 122 N.C. App. 116, 119, 468 S.E.2d 258, 260 (1996) (quoting *Walter v. Vance County*, 90 N.C. App. 636, 641, 369 S.E.2d 631, 634 (1988)).

Petitioner contends that he may nonetheless bring a contested case under N.C.G.S. § 126-34.1 because, at the time he filed his contested case, he was no longer employed by respondent and therefore was not exempt from Article 8 as a member of the instructional or research staff of the University of North Carolina. By petitioner's logic, however, he was likewise no longer a State employee when he filed his contested case and therefore was not within the jurisdiction of Chapter 126 at all. We reject petitioner's reasoning and hold instead that the term "State employee" in the contested case provisions of Article 8 refers to the employment at issue in the underlying contested case and not to the particular employment status of a given petitioner at the time of filing a contested case. Because the State employment position from which petitioner was terminated and the position for which petitioner's application was denied were both exempt from Article 8, we hold that the ALJ did not err in finding that OAH lacked jurisdiction over petitioner's contested case. We therefore affirm the order of the trial court.

Having addressed the underlying issues, we decline to consider respondent's cross-assignment of error to the trial court's failure to address respondent's contention that petitioner's petition to the trial court for judicial review was untimely filed.

Affirmed.

Judges GREENE and CAMPBELL concur.