LEE WOODBURN, Petitioner v. NORTH CAROLINA STATE UNIVERSITY,
Respondent

No. COA02-262

(Filed 18 March 2003)

**1. Appeal and Error— briefs—motion to strike appendix**

A motion to strike an appendix to a brief was granted by the Court of Appeals where the appendix contained various State Personnel Commission and administrative law judge opinions that had not been agreed upon by the parties as part of the record, had not been submitted pursuant to a motion to amend the record, and were not necessary to the resolution of the issues in the case.

**2. Administrative Law— dismissal of claim—standard of review—de novo**

De novo review was the proper standard for the trial court to use when reviewing an administrative law judge's dismissal of a claim as untimely.

**3. Administrative Law— exempt position—employment discrimination claim—no OAH jurisdiction**

A university employee in an exempt position bringing a discrimination claim did not have a right to a hearing before the Office of Administrative Hearings. N.C.G.S. § 126-16 (employment discrimination) applies to all state employees without regard to position or status, but that statute neither addresses procedural avenues nor entitles a petitioner to choose a review scheme from which she is otherwise excluded by N.C.G.S. § 126-5. Exempt university employees have available review procedures which begin with university grievance committees and lead to review by a superior court judge and an appellate court.

Appeal by petitioner from order entered 3 December 2001 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 16 October 2002.

*McSurely & Osment, by Ashley Osment, for petitioner-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Joyce Rutledge, for respondent-appellees.*

LEVINSON, Judge.

Petitioner (Lee Woodburn) appeals from an order dismissing her petition for a contested case hearing before the Office of Administrative Hearings (OAH). We affirm.

Petitioner was hired by respondent North Carolina State University (the university) in August, 2000, as assistant director of the university's Office of Disability Services for Students. Shortly after accepting the position, petitioner learned that she was pregnant. Due to medical complications from her pregnancy, petitioner missed work for most of October and November, 2000. On 19 December 2000, the university sent petitioner a certified letter informing her that she was being fired, and giving her 30 days notice. Petitioner received the letter on 2 January 2001, and on 16 February 2001, she filed a petition with OAH for a contested case hearing against the university. She alleged that she was terminated by the university without just cause, and that her termination was due to illegal discrimination based on gender and on a handicapping condition (pregnancy). The university moved to dismiss the petition for lack of subject matter jurisdiction, alleging that (1) OAH lacked jurisdiction over petitioner's "just cause" claim, because petitioner was not a career state employee and therefore the "just cause" provisions of N.C.G.S. § 126-35(a) were inapplicable to her, and; (2) OAH lacked jurisdiction over petitioner's discrimination grievance, because it was brought under Article 8 of Chapter 126, from which EPA non-faculty professional positions at the university were expressly exempted.

The Administrative Law Judge (ALJ) dismissed petitioner's "just cause" claim, which is not before this Court. However, the ALJ denied respondent's motion to dismiss the discrimination claim, concluding that Chapter 126 afforded petitioner the right to bring her discrimination claim before the OAH. Respondent then filed a new motion to dismiss petitioner's claim as untimely filed. The ALJ granted this motion, from which petitioner sought review in superior court. Respondent cross-excepted to the ALJ's denial of its motion to dismiss the discrimination claim. On 3 December 2001, the trial court affirmed the dismissal of petitioner's contested case for lack of subject matter jurisdiction, on the grounds that her OAH petition was untimely. The court also concluded that petitioner's assertion of a right under Article 8 of Chapter 126 to bring a contested case before the OAH was "unavailing," although it did not enter an order expressly ruling on this issue. Plaintiff appealed from the trial court's order, while respondent cross-assigned as error the trial court's fail-

WOODBURN v. N.C. STATE UNIV.

[156 N.C. App. 549 (2003)]

ure to rule on the issue of OAH jurisdiction over discrimination claims brought by EPA employees. On 13 March 2002, petitioner filed a petition for discretionary review by the North Carolina Supreme Court, seeking to bypass this Court. Her petition was denied on 4 April 2002.

**[1]** We first address respondent's motion to strike petitioner's appendix. The Record on Appeal was settled 11 February 2002. In April, 2002, petitioner served her brief on respondent, consisting of 35 pages of text, and a 71 page "appendix" containing various SPC and ALJ opinions. On 10 May 2002, respondent filed a motion to strike the appendix. Respondent argues that the petitioner violated N.C.R. App. P. 9 and 28, by filing documents that were neither agreed on by the parties to be part of the record, nor submitted by petitioner to this Court pursuant to a motion to amend the record. We agree. Further, we do not find the materials in the proposed appendix necessary to our resolution of the issues presented herein. Respondent's motion to strike appendix is therefore granted.

## Standard of Review

**[2]** Petitioner appealed to the trial court from the ALJ's pre-hearing dismissal of her claim as untimely. "An order of the ALJ issued pursuant to a written pre-hearing motion granting a party's requested relief for failure of the other party to comply with procedural requirements is a final decision . . . entitl[ing petitioner] to immediate judicial review[.]" *Lincoln Cty. DSS v. Hovis*, 150 N.C. App. 697, 700, 564 S.E.2d 619, 621 (2002). Judicial review of administrative agency decisions is governed by the North Carolina Administrative Procedure Act (APA), Chapter 150B of the N.C. General Statutes. N.C.G.S. § 150B-43 (2001) ("[a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision . . ."). N.C.G.S. § 150B-51(b) (2001) authorizes the trial court to reverse or modify an agency's final decision if "substantial rights" of the petitioner may have been prejudiced because the agency's findings, inferences, conclusions, or decisions were:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary [or] capricious. . . .

N.C.G.S. § 150B-51(b). "The standard of review employed by the reviewing court is determined by the type of error asserted; errors of law are reviewed *de novo*, while the 'whole record' test is applied to allegations that the administrative agency decision was not supported by the evidence, or was arbitrary and capricious." *Zimmerman v. Appalachian State Univ.*, 149 N.C. App. 121, 129, 560 S.E.2d 374, 379-80 (2002) (citing *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 443 S.E.2d 114 (1994)). "*De novo* review requires a court to consider the question anew, as if the agency has not addressed it." *Blalock v. N.C. Dep't of Health and Human Servs.*, 143 N.C. App. 470, 475-76, 546 S.E.2d 177, 182 (2001). Under the whole record test, " 'the reviewing court [must] examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by "substantial evidence.' " *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118). In the instant case, the trial court stated that it was applying *de novo* review, which we conclude was the proper standard of review. We next determine whether the trial court correctly applied *de novo* review.

[3] Petitioner argues that the trial court erred by holding that Article 8 of Chapter 126 of the North Carolina General Statutes is inapplicable to petitioner. We disagree.

Chapter 126 of the General Statutes governs the State Personnel System. The scope of the chapter's authority is set out in N.C.G.S. § 126-5 (2001), which states that "[t]he provisions of this Chapter shall apply to [a]ll State employees *not herein exempt*[.]" G.S. § 126-5(a)(1) (emphasis added). The statute further states that:

(c) Except as to . . . Articles 6 and 7 of this Chapter, the provisions of this Chapter shall not apply to:

(1) A State employee who is not a career State employee as defined by this Chapter. . . .

(c1) Except as to the provisions of Articles 6 and 7 of this Chapter, the provisions of this Chapter shall not apply to:. . . .

(8) Instructional and research staff, physicians, and dentists of The University of North Carolina.

N.C.G.S. § 126-5(c)(1) and (c1)(8) (2001).

Petitioner is not a "career state employee," as the term is defined by N.C.G.S. § 126-1.1 (an employee of the State who is "in a permanent position appointment" and who has held "a position subject to the State Personnel Act for the immediate 24 preceding months"). Further, her position is classified as "instructional and research staff . . . of the University of North Carolina." Petitioner is therefore exempt from the ambit of Chapter 126 by either of the statutory criteria. Moreover, the university expressly categorizes her position as "EPA" or "exempt from SPA." Indeed, petitioner concedes her status as an EPA employee, and characterizes the dispositive issue in this case as "whether EPA employees can ever bring contested cases." We conclude that petitioner's position, as a university EPA employee, is explicitly exempted from Chapter 126, with the *sole exception* of Articles 6 and 7.

Article 6 of Chapter 126 sets out the State policy regarding discrimination in employment. Petitioner's claim alleges a violation of a provision of Article 6, N.C.G.S. § 126-16 (2001), which provides in relevant part that "[a]ll State departments and agencies . . . shall give equal opportunity for employment and compensation, without regard to race, religion, color, creed, national origin, sex, age, or handicapping condition. . . [.]"

Article 6 applies to petitioner and, like any other state employee without regard to position or status, she is entitled to enforce the rights implicated by G.S. § 126-16. However, G.S. § 126-16 neither addresses which procedural avenues are available to particular categories of state employees, nor entitles petitioner to choose a review scheme from which she is otherwise excluded. " '[W]here one statute deals with certain subject matter in particular terms and another deals with the same subject matter in more general terms, the particular statute will be viewed as controlling in the particular circumstances absent clear legislative intent to the contrary.' " *Bryant v. Adams*, 116 N.C. App. 448, 457, 448 S.E.2d 832, 836-37 (1994) (quoting *State Ex Rel. Utilities Comm. v. Thornburg*, 84 N.C. App. 482, 353 S.E.2d 413, *disc. review denied*, 320 N.C. 517, 358 S.E.2d 533 (1987)),

*disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995). Our Court in *Conran v. New Bern Police Dept.*, 122 N.C. App. 116, 468 S.E.2d 258 (1996) previously held:

> N.C.G.S. § 126-5 states in particular terms which employees are covered by Chapter 126. On the other hand, N.C.G.S. § 126-16 . . . address[es] the same subject matter in general terms. Moreover, . . . N.C.G.S. § 126-16 . . . [does not] affirmatively grant[] a remedy to a[n] . . . employee . . . who is not otherwise covered by Chapter 126. *In short, N.C.G.S. § 126-5 controls which employees are subject to Chapter 126.* The petitioner is not within that class of employees.

*Id.* at 119, 468 S.E.2d at 260 (emphasis added).

We find *Conran* applicable to the present case, and reiterate that the exemptions in N.C.G.S. § 126-5 foreclose petitioner's reliance on any of the provisions in Chapter 126, except for Articles 6 and 7.

Notwithstanding N.C.G.S. § 126-5, petitioner asserts a right to a hearing before the OAH on a provision of Article 8 of Chapter 126, N.C.G.S. § 126-34.1, which states in pertinent part that:

> A State employee or former State employee may file in the Office of Administrative Hearings a contested case under Article 3 of Chapter 150B . . . as to the following personnel actions or issues . . . [a]n alleged unlawful State employment practice constituting discrimination, as proscribed by G.S. 126-36, including . . . termination of an employee . . . on account of the employee's . . . sex, . . . or handicapping condition[.]

N.C.G.S. § 126-34.1(a)(2)(b) (2001). Petitioner essentially argues that, because the statute refers to *state employees* without adding "except those already exempted," that *all* state employees are included. She urges this Court "construe" Article 6, § 126-16, with § 126-34.1(a)(2), and to hold that § 126-34.1 applies to *all* state employees, including those expressly excluded from the purview of Chapter 126. Petitioner's proposed construction of the statute would require us to ignore the plain and definite exclusion of petitioner's job from Chapter 126. This we decline to do. Further, we disagree with petitioner that there is any "inconsistency" between G.S. § 126-34 and G.S. § 126-5; the legislature, having specifically excluded various classes of state employees from all of Chapter 126 except Articles 6 and 7, in N.C.G.S. § 126-5, had no need to repeat the same list of excluded employees in other parts of Chapter 126.

This Court has previously ruled on this issue, and rejected the position taken by petitioner. In *Hillis v. Winston-Salem State Univ.*, 144 N.C. App. 441, 549 S.E.2d 556 (2001), a non-faculty EPA university employee sought redress for alleged grievances through the OAH. The plaintiff filed a contested case with the OAH, based on G.S. § 126-34.1. The Court noted that N.C.G.S. § 126-5(c1)(8) specifically exempts the "[i]nstructional and research staff . . . of the University of North Carolina" from all "provisions of [Chapter 126 except] Articles 6 and 7" and that, like the present petitioner, the plaintiff's position was exempt from the SPA. This Court held:

> while N.C.G.S. § 126-16 is in Article 6 and therefore is applicable to otherwise exempt University of North Carolina employees, N.C.G.S. § 126-34.1 is in Article 8 and therefore is explicitly not applicable. It follows that OAH lacks jurisdiction to hear a contested case brought under Article 8 by exempt employees of the University of North Carolina[.] . . . As our Court has stated, '[i]f the Legislature desired to establish a public policy entitling [UNC faculty] to the protection [of the grievance procedures] of G.S., Chap. 126, it could have done so.'

*Hillis* at 443-44, 549 S.E.2d at 557 (quoting *Walter v. Vance County*, 90 N.C. App. 636, 641, 369 S.E.2d 631, 634 (1988)). *Hillis* is on point, and controls the resolution of the present case.

Petitioner asks this Court to reverse our decision in *Hillis*. This we may not do. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Nor do we agree with petitioner that *Hillis* should be reversed. Petitioner argues that in *Hillis*, this Court "with one fatal stroke" effectively "stripped" employees of their right to a hearing on "discrimination in the workplace," and "transformed the substantial rights guarded by Article 6 for a quarter of a century to a mirage[.]" Petitioner's assertions ignore the review procedures available to her as an EPA employee of the university. These include: (1) a hearing before a University grievance committee; (2) opportunity to respond in writing to the Chancellor's preliminary decision; (3) appeal from the Chancellor's decision to the Board of Trustees of NCSU; (4) appeal to Board of Governors from the Board of Trustees; (5) judicial

review by a superior court judge; and (6) appeal to this Court. Thus, it is apparent that a university EPA employee is not without recourse in the event of discrimination.

We conclude that, because N.C.G.S. § 126-5(c1)(8) expressly exempts petitioner from all of Chapter 126 except Articles 6 and 7, that the trial court did not err by holding that Article 8 of Chapter 126 does not apply to her. This assignment of error is overruled.

Petitioner also argues that the trial court erred by concluding that she had not timely filed her contested case claim. However, as we conclude that petitioner had no right to a contested case hearing before the OAH, the issue of the timeliness of her petition need not be addressed.

We hold that the OAH does not have jurisdiction over employees whose positions or departments are statutorily excluded from its reach. Because petitioner's position as an EPA employee of the University of North Carolina is exempt from the SPA, Article 8 of Chapter 126 is inapplicable to her, and OAH has no subject matter jurisdiction to consider her contested case.

For the reasons discussed above, the order entered by the trial court affirming the ALJ's dismissal of her contested case claim is

Affirmed.

Judges McGEE and HUDSON concur.