WILLIAM PAUL FEARRINGTON, Petitioner-Appellant v. UNIVERSITY OF NORTH
CAROLINA AT CHAPEL HILL, Respondent-Appellee

No. COA96-1296

(Filed 15 July 1997)

1. **Appeal and Error § 203 (NCI4th)— notice of appeal—prior order—absence of jurisdiction—treatment as petition for certiorari**

    Where the notice of appeal specified that the appeal is from an order of the Orange County Superior Court, the Court of Appeals was without jurisdiction to review a prior order entered in Wake County Superior Court. However, the purported appeal from the Wake County order will be treated as a petition for a writ of certiorari so that the merits of petitioner's assignment of error to this order may be considered.

    **Am Jur 2d, Appellate Review §§ 285 et seq.**

    **Right to perfect appeal, against party who has not appealed, by cross appeal filed after time for direct appeal had passed. 32 ALR3d 1290.**

2. **Administrative Law and Procedure § 37 (NCI4th)— attorney fees—validity of administrative rule—authority of ALJ**

    An administrative law judge had no authority to make a "final decision" as to the validity of an administrative rule governing the award of attorney fees in cases before the State Personnel Commission. N.C.G.S. § 150B-33(b)(9).

    **Am Jur 2d, Administrative Law § 309.**

3. **Public Officers and Employees § 41 (NCI4th)— State Personnel Commission—attorney fees—promulgation of rules—statutory authority**

    The State Personnel Commission's promulgation of 25 N.C.A.C. I B .0414, which provides the circumstances under which the Commission may award attorney fees, is consistent with the Commission's jurisdiction over state employee grievances and the statutory authority delegated to it pursuant to N.C.G.S. § 126-4(11).

    **Am Jur 2d, Civil Service §§ 8 et seq.**

**4. Public Officers and Employees § 63 (NCI4th)— State Personnel Commission—denial of attorney fees**

The State Personnel Commission did not violate N.C.G.S. § 126-4(11) by applying its rule governing attorney fees to deny attorney fees to a petitioner who was reclassified and received back pay at UNC where the Commission neither found discrimination, ordered reinstatement, nor ordered back pay; UNC found that petitioner's under-classification was not due to racial discrimination but resulted from administrative error; and petitioner dismissed his discrimination claim.

**Am Jur 2d, Civil Service §§ 8 et seq.**

**Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.**

**5. Administrative Law and Procedure § 65 (NCI4th)— State Personnel Commission—legal issues—de novo review**

The trial court properly reviewed petitioner's appeal of a State Personnel Commission decision under the *de novo* standard of review where the issues presented on appeal were legal issues.

**Am Jur 2d, Administrative Law §§ 559, 582.**

**6. Administrative Law and Procedure § 76 (NCI4th)— administrative decision—time limitations—statutory amendment inapplicable**

The State Personnel Commission's decision was not arbitrary or capricious because it was not filed within time limitations specified in the 1991 amendment to N.C.G.S. § 15OB-44 where petitioner filed his case before the effective date of the amendment and the amendment did not apply to his case.

**Am Jur 2d, Administrative Law § 569.**

On writ of *certiorari* to review order entered 2 September 1993 by Judge Wiley F. Bowen in Wake County Superior Court, and appeal by petitioner from order entered 8 August 1996 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 22 May 1997.

*McSurely, Dorosin & Osment, by Alan McSurely, Mark Dorosin, and Ashley Osment, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas J. Ziko and Assistant Attorney General R. Bruce Thompson, II, for respondent-appellee.*

MARTIN, John C., Judge.

Petitioner William Paul Fearrington, an employee of respondent University of North Carolina at Chapel Hill, filed a grievance through the University's internal grievance procedure alleging that he had been denied a reclassification because of his race. In the course of the grievance proceedings, the University discovered evidence that petitioner's position had been under-classified and it retroactively reclassified and promoted him, resulting in retroactive pay of $9,804.91. Petitioner, however, continued to pursue his grievance and, after a report and recommendation by the University Staff Employee Grievance Committee, the Chancellor concluded that petitioner's under-classification had not been the result of racial discrimination and denied the grievance. Petitioner filed a contested case with the Office of Administrative Hearings (OAH) in which he claimed he was "denied reclassification and other privileges because of his race" and, in addition, asserted a claim for attorneys' fees pursuant to N.C. Gen. Stat. § 126-4(11), based on respondent University's decision to retroactively reclassify him. Petitioner subsequently dismissed all of his claims against the University except for his claim for attorneys' fees.

By order entered 3 April 1992, an Administrative Law Judge (ALJ) determined that the administrative rule governing the award of attorneys' fees in cases before the State Personnel Commission (Commission), 25 N.C.A.C. 1B .0414, was void as applied in this case because it was "not within the statutory authority of the Commission to adopt." On 28 August 1992, the ALJ entered an "Amendment To Order And Determination That Rule Is Void" to clarify that his 3 April 1992 order was a "final decision" appealable to the superior court. The ALJ then issued a "Recommended Decision" in which he recommended that the Commission award petitioner reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 126-4(11).

Respondent University filed a petition for judicial review in Wake County Superior Court of the ALJ's "final decision." Upon review, Judge Bowen ruled that the ALJ did not have authority to enter a

final decision determining that 25 N.C.A.C. 1B .0414 is void and remanded the case to OAH "for the entry of a recommended decision to the State Personnel Commission pursuant to N.C. Gen. Stat. § 150B-34(a)." Petitioner filed notice of appeal from the trial court's order, and in an unpublished opinion, No. 9310SC1281, this Court dismissed petitioner's appeal as interlocutory.

On 19 October 1994, the ALJ entered an "Amendment to Recommended Decision" which recommended "that 25 N.C.A.C. 1B .0414 as applied in this particular case is void because it is not within the statutory authority of the State Personnel Commission to adopt," and that the petitioner be awarded reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 126-4(11).

The Commission rejected the ALJ's findings of fact and conclusions of law, holding that 25 N.C.A.C. 1B .0414 is not void and that, pursuant to this rule, petitioner is not entitled to any attorneys' fees. Petitioner filed a petition for review in Orange County Superior Court. In an order dated 8 August 1996, the trial court determined that the Commission did not hear new evidence; that the Commission stated specific reasons for not adopting the recommended decision; that 25 N.C.A.C. 1B .0414 was not void as applied to this case; and that the Commission acted within its statutory authority when it denied petitioner's request for attorneys' fees. Petitioner appeals.

I.

WAKE COUNTY ORDER

[1] The notice of appeal specifies that the appeal is from the order of the Superior Court of Orange County entered 8 August 1996. However, by his first assignment of error, petitioner attempts to present for our review the propriety of the order of 2 September 1993 issued by the Superior Court of Wake County, from which an earlier appeal was dismissed by this Court as interlocutory. *Fearrington v. University of North Carolina at Chapel Hill*, No. 9310SC1281 (unpublished opinion filed 6 September 1994). N.C.R. App. P. 3(d) (1995) requires that the notice of appeal "designate the judgment or order from which appeal is taken . . . ." Because the notice of appeal completely omits any reference to the Wake County order, we are without jurisdiction to review it. *Guilford Co. Dept. of Emergency Services v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 441 S.E.2d 177, *disc. review denied*, 336 N.C. 604, 447 S.E.2d 390 (1994). The jurisdictional requirements of N.C.R. App. P. 3(d) may not be waived

by this Court, even under the discretion granted by N.C.R. App. P. 2. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422 (1990). However, N.C.R. App. P. 21(a)(1) gives this Court the authority to treat the purported appeal as a petition for writ of *certiorari* to review the Wake County order, and we elect to do so and consider the merits of petitioner's assignment of error. *Anderson v. Hollifield*, 345 N.C. 480, 480 S.E.2d 661 (1997).

[2] Petitioner contends that the Superior Court of Wake County erred when it determined that the ALJ had no authority to enter a final decision declaring 25 N.C.A.C. 1B .0414 to be void. N.C. Gen. Stat. § 150B-33(b)(9), entitled "Powers of administrative law judge," provides that an ALJ may determine that a rule as applied in a particular case is void, however, it does not authorize an ALJ to make a "final decision" with respect to the validity of agency rules. *See* N.C. Gen. Stat. § 150B-33(b)(9) (1995). Generally, an ALJ makes a recommended decision or order in a contested case except as provided in N.C. Gen. Stat. § 150B-36(c). N.C. Gen. Stat. § 150B-34(a) (1995). N.C. Gen. Stat. § 150B-36(c) provides:

The following decisions made by administrative law judges in contested cases are final decisions:

(1) A determination that the Office of Administrative Hearings lacks jurisdiction.

(2) An order entered pursuant to the authority in G.S. 7A-759 (e).

(3) An order entered pursuant to a written prehearing motion that either dismisses the contested case for failure of the petitioner to prosecute or grants the relief requested when a party does not comply with procedural requirements.

(4) An order entered pursuant to a prehearing motion to dismiss the contested case in accordance with G.S. 1A-1, Rule 12(b) when the order disposes of all issues in the contested case.

In the present case, the ALJ attempted to make a "final decision" regarding the validity of the rule governing the award of attorneys' fees, which is not one of the issues upon which an ALJ can make a final decision pursuant to N.C. Gen. Stat. § 150B-36(c). Therefore, the ALJ had no authority to make a "final decision" in this case. The order of the Superior Court of Wake County so holding, and remanding this case to the OAH for entry of a recommended decision to the

State Personnel Commission in accordance with N.C. Gen. Stat. § 150B-34(a) is affirmed.

## II.

## ORANGE COUNTY ORDER

The issues presented by petitioner's appeal from the order of the Orange County Superior Court upon judicial review of the final decision of the State Personnel Commission are (1) whether 25 N.C.A.C. 1B .0414, the Commission's rule regarding the award of attorneys' fees, is void as applied in this case; (2) whether the Commission acted within its statutory authority when it adopted 25 N.C.A.C. 1B .0414; and (3) whether the superior court's ruling affirming the decision of the Commission is correct.

The standard of appellate review of a superior court's order regarding a decision of an administrative agency requires the appellate court to examine the superior court's order for error of law, i.e., to determine whether the superior court employed the correct standard of review, and, if so, whether it did so correctly. *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 483 S.E.2d 388 (1997). The standard for the superior court's review of the agency decision depends on the issues presented in the petition for review. *Id.*

> If [petitioner] argues the agency's decision was based on an error of law, then *"de novo"* review is required. If, however, [petitioner] questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.

*In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993) (citations omitted). *"De novo"* review requires a court to consider a question anew, as if not considered or decided by the agency, while the "whole record" test requires the reviewing court to examine all competent evidence, i.e., the "whole record," in order to determine whether the agency decision is supported by substantial evidence. *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994).

## A.

[3] In his petition for judicial review of the final decision of the State Personnel Commission, petitioner contended that 25 N.C.A.C. 1B .0414 is void, both generally and as applied to this case. These con-

tentions required the superior court to employ "*de novo*" review. The superior court did so, ruling as a matter of law that the rule is not invalid. Petitioner assigns error, contending the superior court should have found the rule, 25 N.C.A.C. 1B .0414, to be void.

The State Personnel Commission is granted the authority to promulgate regulations regarding the award of attorneys' fees under N.C. Gen. Stat. § 126-4(11), which provides:

> Subject to the approval of the Governor, the State Personnel Commission shall establish policies and rules governing each of the following:
>
> . . .
>
> (11) In cases where the Commission finds discrimination or orders reinstatement or back pay whether (i) heard by the Commission or (ii) appealed for limited review after settlement or (iii) resolved at the agency level, the assessment of reasonable attorneys' fees and witnesses' fees against the State agency involved.

Pursuant to N.C. Gen. Stat. § 126-4(11), the Commission promulgated 25 N.C.A.C. 1B .0414 *et seq.*, which provides that the Commission may award attorneys' fees when:

> (1) the grievant is reinstated to the same or similar position from either a demotion or dismissal; (2) the grievant is awarded back pay from either a demotion or a dismissal, without regard to whether the grievant has been reinstated; (3) the grievant is determined, by the commission or by the agency's internal grievance procedure, to have been discriminated against in violation of G.S. § 126-16; (4) the grievant is awarded back pay as the result of a successful grievance alleging a violation of G.S. § 126-7.1; (5) any combination of the above situations.

N.C. Admin. Code tit. 25, r. 1B .0414.

Petitioner argues that 25 N.C.A.C. 1B .0414 is void on its face because it is inconsistent with N.C. Gen. Stat. § 126-4(11). The Commission concluded that it had been given statutory authority to adopt rules with respect to the award of attorneys' fees, but that there was no statutory mandate requiring that it award such fees in all cases. Rather, the Commission concluded that a determination as to those circumstances appropriate for an award of attorneys' fees was vested in the Commission.

**FEARRINGTON v. UNIVERSITY OF NORTH CAROLINA**

[126 N.C. App. 774 (1997)]

Pursuant to the authority granted it by N.C. Gen. Stat. § 126-4(11), the Commission established rules governing the assessment of attorneys' fees in state employee grievance proceedings. The Commission's determinations regarding its authority under N.C. Gen. Stat. § 126-4(11) are entitled to considerable weight. *See Newsome v. State Board of Elections*, 105 N.C. App. 499, 415 S.E.2d 201 (1992). The Commission has discretionary authority to enter an award of attorneys' fees under N.C. Gen. Stat. § 126-4(11). *See North Carolina Dept. of Correction v. Myers*, 120 N.C. App. 437, 462 S.E.2d 824 (1995), *affirmed*, 344 N.C. 626, 476 S.E.2d 364 (1996). The Commission's jurisdiction over the appeals of state employee grievances derives from Chapter 126, the State Personnel Act. *Batten v. N.C. Department of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990). The Commission has jurisdiction to review appeals involving government employees subject to the Personnel Act where an employee was: (1) discharged, suspended or demoted for disciplinary reasons without just cause, N.C. Gen. Stat. § 126-35 (1995); (2) denied employment, promotion, or training because of illegal discrimination or in retaliation for opposition to alleged illegal discrimination, N.C. Gen. Stat. §§ 126-36, 126-36.1 (1995); (3) demoted, laid off or terminated because of illegal discrimination or in retaliation for opposition to alleged illegal discrimination, N.C. Gen. Stat. § 126-36 (1995); (4) denied promotion because the agency failed to post notice of the job vacancy or denied state employee priority consideration in violation of N.C. Gen. Stat. §§ 126-7.1, 126-36.2 (1995); and (5) any other contested case arising under Chapter 126, N.C. Gen. Stat. § 126-37 (1995). The Commission's promulgation of 25 N.C.A.C. 1B .0414 is consistent with the Commission's jurisdiction over state employee grievances and the statutory authority delegated to it by the General Assembly.

[4] Petitioner also argues that 25 N.C.A.C. 1B .0414 is void as applied in this case because it is inconsistent with the Commission's authority, granted by N.C. Gen. Stat. § 126-4(11), to assess attorneys' fees when back pay is awarded. However, in petitioner's case, the Commission neither found discrimination, ordered reinstatement, nor ordered back pay, which are prerequisites for the assessment of reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 126-4(11). Rather, the University retroactively reclassified petitioner, who had been under-classified due to administrative error. The University found that petitioner's under-classification had not been due to racial discrimination "or any other impermissible factor" and denied his grievance, and petitioner subsequently dismissed his claim that he

had been discriminated against. Because petitioner's case does not meet the criteria established by N.C. Gen. Stat. § 126-4(11) for the Commission to award attorneys' fees, it properly determined that petitioner is not entitled to attorneys' fees in connection with the resolution of his grievance.

## B.

[5] Petitioner also alleged, in his petition for judicial review, that "the Commission's findings, conclusions of law, and decision were arbitrary and capricious." Such an allegation would ostensibly require that the trial court employ "whole record" review of the agency decision. However, careful review of the Petition for Review and the contentions contained therein discloses that the substantive issues presented to the superior court were legal issues, i.e., (1) whether the administrative rule is invalid, either as in excess of the Commission's authority, or as applied to petitioner's case, and (2) whether the Commission incorrectly interpreted N.C. Gen. Stat. § 126-4(11) in determining that petitioner is not entitled to an award of attorneys' fees. Thus, petitioner's argument, essentially, was that the conclusion of the Commission that "petitioner is not entitled to any attorney fees" was affected by error of law, and was properly reviewed "de novo" by the trial court. We conclude the trial court applied the correct standard of review and, in view of our holding in Part II. A. above, that the trial court did so correctly.

[6] Finally, petitioner argued in his brief that the Commission's decision was arbitrary and capricious because it was not filed within the time limitations specified in the 1991 amendment to N.C. Gen. Stat. § 150B-44, requiring that agency decisions be rendered within specified time limitations. However, at oral argument, petitioner conceded that the 1991 amendment is applicable only to contested cases filed on or after 1 October 1991, and that petitioner filed his case before the effective date of the amendment.

For the reasons stated, the 2 September 1993 order of the Superior Court of Wake County remanding this matter to the State Personnel Commission, and the 8 August 1996 order of the Superior Court of Orange County affirming the final decision of the State Personnel Commission are each affirmed.

Affirmed.

Judges LEWIS and WYNN concur.