LINCOLN COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner v. PAT HOVIS, Respondent

No. COA01-952

(Filed 18 June 2002)

**Administrative Law— failure to comply with procedural requirements—final decision**

The trial court did not err in an employment termination case by affirming the amended order of the administrative law judge (ALJ) which reinstated respondent to her former position, and awarded her back pay, front pay, and attorney fees after petitioner Department of Social Services failed to show cause why

sanctions should not be imposed and failed to respond to respondent's discovery requests, because: (1) although petitioner contends there is no evidence of any formal discovery requests of any nature ever being made by respondent, there is substantial evidence in the record that shows petitioner had sufficient notice of the order to show cause prior to the hearing; and (2) although petitioner contends the ALJ's authority is advisory in nature and is not a final decision, an order of the ALJ issued under a written prehearing motion granting a party's requested relief for failure of the other party to comply with procedural requirements is a final decision under N.C.G.S. § 150B-36(c)(3).

Appeal by petitioner from orders entered 16 February 2001 and 12 March 2001 by Judge James Lanning in Lincoln County Superior Court. Heard in the Court of Appeals 13 May 2002.

*Pendleton & Pendleton, P.A., by Jeffrey A. Taylor, for petitioner-appellant.*

*Thomas B. Kakassy, P.A., by Thomas B. Kakassy, for respondent-appellee.*

TYSON, Judge.

Lincoln County Department of Social Services ("petitioner") appeals from the superior court's orders that affirmed the order of Administrative Law Judge Meg Scott Phipps ("ALJ Phipps").

## I. Facts

Petitioner terminated Pat Hovis ("respondent") from her employment on 9 September 1998. Respondent appealed the decision and filed a petition for a contested case hearing with the Office of Administrative Hearings ("OAH") on 7 October 1998. ALJ Phipps issued a scheduling order on 12 October 1998 that set the discovery deadline for 15 February 1999, and noticed a hearing for 1 March 1999.

By letters dated 9 February and 26 February 1999, respondent requested petitioner to comply with discovery requests and with ALJ Phipps' scheduling order. Petitioner failed to respond to respondent's requests. Respondent filed a motion for sanctions against petitioner and for a continuance on 8 March 1999. On 16 March 1999, ALJ Phipps issued an order requiring petitioner to show cause why sanctions should not be imposed and to respond to respondent's discov-

ery requests no later than 2 April 1999. ALJ Phipps received no response from petitioner.

ALJ Phipps issued a final decision which reinstated respondent to her former position, awarded her back pay, front pay, and attorney's fees on 8 April 1999. Respondent then filed a request to supplement judgment with the OAH to determine damages. ALJ Phipps issued a request to petitioner for a response to respondent's motion on 24 May 1999, ordering petitioner to respond by 3 June 1999. Unbeknownst to ALJ Phipps and respondent, petitioner had filed a petition for judicial review pursuant to G.S. § 150B-46 on or about 10 May 1999.

Superior Court Judge Robert P. Johnston reviewed the record, determined it inadequate, and entered an order remanding the case to OAH for clarification. On remand ALJ Phipps was on administrative leave and Chief Administrative Law Judge Julian Mann assigned the case to Administrative Law Judge James L. Conner, II ("ALJ Conner"). On 15 June 2000, ALJ Conner conducted a hearing and signed a protective order allowing respondent to copy petitioner's files only for preparation of respondent's case. On 15 November 2000, ALJ Conner issued supplementary findings and conclusions and an amended final order upholding the decision by ALJ Phipps.

Superior Court Judge James Lanning conducted a second hearing on petitioner's original petition for judicial review on 19 January 2001. The superior court entered an order on 16 February 2001 upholding the decision of ALJ Phipps as supplemented by ALJ Conner. Judge Lanning subsequently entered a corrected and amended order on 12 March 2001. Petitioner appeals.

## II. Issues

Petitioner assigns as error the trial court's denial of its requested relief and argues (1) no rational basis existed for the ALJ's amended final order and that it was an abuse of discretion, (2) the ALJ's decision was in excess of statutory authority.

## A. Abuse of Discretion

To support its contention, petitioner claims that the "record contains no evidence of any formal discovery requests of any nature ever being made by [respondent]." It also claims that it never received the order to show cause.

The extensive findings of fact in this case demonstrates that a scheduling order set discovery deadlines, a telephone conference call with all parties present discussed discovery, and that respondent reminded petitioner of discovery in two separate letters prior to ALJ Phipps issuing the order to show cause.

ALJ Conner's supplementary findings found that "the certificate of service establishes that it was mailed to the same address to which all other mailings in the matter were sent. Mr. Taylor conceded at the investigatory hearing that he had received all other mailings from this Office in the matter." There is substantial evidence in the record that shows petitioner had sufficient notice of the order to show cause prior to the hearing, and failed to appear. Also, petitioner was informed of pending discovery requests on numerous prior occasions. This assignment of error is overruled.

### B. Statutory Authority

Petitioner argues that the ALJ's authority derives from Chapter 126 of the North Carolina General Statutes, is advisory in nature, and is not a final decision. We disagree. The record fails to show where petitioner protested Judge Lanning's authority to review ALJ Phipps' final agency decision on the procedural grounds that petitioner now argues here.

An order of the ALJ issued pursuant to a written pre-hearing motion granting a party's requested relief for failure of the other party to comply with procedural requirements is a final decision under N.C. Gen. Stat. § 150B-36(c)(3) (2001). Petitioner is entitled to immediate judicial review pursuant to G.S. § 150B-43. N.C. Gen. Stat. § 150B-43 (2001). *See Hillis v. Winston-Salem State University*, 144 N.C. App. 441, 443, 549 S.E.2d 556, 557 (2001); *Fearrington v. University of North Carolina at Chapel Hill*, 126 N.C. App. 774, 778, 487 S.E.2d 169, 172 (1997).

The plain language of G.S. § 150B-36(c)(3) grants ALJs the statutory authority to allow a party's requested relief.

(c) The following decisions made by administrative law judges in contested cases are final decisions appealable directly to superior court under Article 4 of this Chapter:

. . . .

(3) An order entered pursuant to a written prehearing motion that either dismisses the contested case for failure of the peti-

tioner to prosecute or grants the relief requested when a party does not comply with procedural requirements.

N.C. Gen. Stat. § 150B-36(c)(3).

The superior court's scope of review under G.S. § 150B-51(b) includes determining whether the decision of an ALJ contains errors of law, is supported by substantial evidence, and is neither arbitrary nor capricious. N.C. Gen. Stat. § 150B-51(b) (2001). We hold that the trial court did not err by upholding ALJ Phipps' order, as supplemented by ALJ Conner's additional findings of fact. The order of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.