LISA LINCOLN & HONEYBEES CREATIVE CENTER, Petitioner v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, NUTRITION BRANCH, Respondent

No. COA04-1194

(Filed 16 August 2005)

**1. Administrative Law— ALJ decision—judicial review— standard**

The standard of superior court review for an administrative law judge's final decision issued pursuant to N.C.G.S. § 150B-36(c) is that stated in N.C.G.S. § 150B-51(b).

**2. Administrative Law— failure to prosecute contested case—findings—supported by evidence**

There was substantial evidence to support an administrative law judge's findings concerning petitioners' failure to prosecute their case (resulting in dismissal by the ALJ).

**3. Administrative Law— dismissal of contested case—authority—no error of law**

Dismissal of a contested case is drastic but within the plain language of the ALJ's statutory and regulatory power, and there was no error of law in the ALJ's dismissal in this case. The errors cited by petitioners concerned inapplicable regulations, were not prejudicial, or involved actions not required of the ALJ.

LINCOLN v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[172 N.C. App. 567 (2005)]

Appeal by petitioner from order entered 10 May 2004 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 20 April 2005.

*Attorney General Roy Cooper by Assistant Attorney General Elizabeth L. Oxley, for respondent-appellee.*

*Allen and Pinnix, P.A., by M. Jackson Nichols and Angela Long Carter, for petitioner-appellant.*

ELMORE, Judge.

Lisa Lincoln and her childcare company Honeybees Creative Center (petitioners), appeal from the dismissal of a contested case brought against the Nutrition Division of North Carolina Health and Human Services (respondent) for its determination that petitioners have not complied with federal law regarding reimbursement for low cost school meals.

Respondent is charged with administering the Child and Adult Care Food Program, financed by the United States Department of Agriculture. In order to receive reimbursement money from respondent, petitioners must comply with all the federal requirements for funds. Respondent audited petitioners' records for the program and found that they were in noncompliance; many required records were missing and others did not coincide. As a result, respondent demanded repayment of $60,279.45, representing the amount respondent had paid out to petitioners during the period of noncompliance.

On 24 June 2003, petitioners filed for a contested case hearing to dispute the money owed. This was after petitioners had received a letter from one of respondent's employees informing them that an informal process of resolution might be available. Petitioners served notice of the filing on the author of the letter; however, this individual was not respondent's listed agent for service of process.

On 25 June 2003, the parties received notice that the Office of Administrative Hearings (OAH) had assigned Judge Augustus B. Elkins (the ALJ) to hear the contested case. The notice also made reference to a possible forthcoming order for prehearing statements. In accordance with N.C. Admin. Code tit. 26, r. 3.0104 (June 2004), and on the same day, the ALJ filed an order giving both parties thirty days to file and serve prehearing statements. Respondent complied with the order, submitting its pretrial statement and other required documentation supporting its claim.

Petitioners failed to respond within thirty days, and in fact filed nothing more after the petition for the contested case hearing. On 20 October 2003, respondent filed a motion to dismiss the contested case for petitioners' failure to respond to a court order and failure to properly effect service of process. The ALJ sent petitioners notice of his order giving them ten days to file objections to the motion to dismiss. No response was received. The contested case was scheduled for hearing on 3 November 2003. On 22 October 2003, respondent filed a request to continue the hearing along with a request for the ALJ to hear its motion to dismiss. The next day the ALJ sent notification that he had continued the case and a new hearing date would be set. On 13 November 2003, the ALJ granted respondent's motion to dismiss, citing the facts that petitioners had failed to prosecute their case, other sanctions had been considered, and dismissal was appropriate.

On 15 December 2003, nearly six months after their initial filing, · petitioners filed a petition for judicial review in Wake County Superior Court, requesting review of the final decision of the ALJ dismissing the case. Petitioners took exception to findings 2 and "3" (actually numbered 4 in the ALJ's order) and argued that the order violated all six grounds listed in N.C. Gen. Stat. § 150B-51(b). On 10 May 2004, after reviewing the whole record, the trial court entered its order affirming the findings and conclusions of the ALJ and also determining that the ALJ's decision was not arbitrary or capricious. Petitioners filed notice of appeal to this Court.

[1] Neither party has briefed the appropriate standard of review this Court should apply when reviewing an order of the superior court, sitting in appellate capacity, that reviewed a final decision of an administrative law judge issued pursuant to N.C. Gen. Stat. § 150B-36(c) (2003). Since we are reviewing a "review proceeding" in the superior court and petitioners are appealing pursuant to N.C. Gen. Stat. § 7A-27, we will apply N.C. Gen. Stat. § 150B-52 (2003):

> A party to a review proceeding in a superior court may appeal to the appellate division from the final judgment of the superior court as provided in G.S. 7A-27. The scope of review to be applied by the appellate court under this section is the same as it is for other civil cases.

*Id. See also N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 658, 664, 599 S.E.2d 888, 894, 898 (2004) (stating section 150B-52 is applicable to appellate review of a superior court decision).

Recently, our Court has previously characterized the standard of review called for by this statute in at least two ways. In *Diaz v. Division of Soc. Servs.*, the Court described the review contemplated by section 150B-52 as:

> whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial . . . are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.

166 N.C. App. 209, 211, 600 S.E.2d 877, 879 (2004) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)), *Medina v. Division of Social Servs.*, 165 N.C. App. 502, 505, 598 S.E.2d 707, 709 (2004). Yet, in *Hardee v. N.C. Bd. of Chiropractic Exam'rs*, 164 N.C. App. 628, 633, 596 S.E.2d 324, 328, *disc. review denied*, 359 N.C. 67, 604 S.E.2d 312 (2004), we characterized the operable standard of review under this statute slightly differently, noting that it involved a twofold determination: "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id.* (citing *Eury v. N.C. Employment Security Comm.*, 115 N.C. App. 590, 597, 446 S.E.2d 383, 387-88 (1994)).

Our appellate court's principal cases discussing the standard of review have dealt with review of a final agency or board decision that the superior court reviewed, *see Carroll*, 358 N.C. at 652, 599 S.E.2d at 890; *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 565 S.E.2d 9 (2002); *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.*, 355 N.C. 269, 559 S.E.2d 547 (2002) (per curiam) (adopting the dissent in 146 N.C. App. 388, 392, 552 S.E.2d 265, 268 (2001)); *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 483 S.E.2d 388, (1997); *Shackleford-Moten v. Lenoir Cty. DSS*, 155 N.C. App. 568, 572 S.E.2d 767 (2002); *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 443 S.E.2d 114 (1994), not the review of a final decision of an ALJ issued pursuant to N.C. Gen. Stat. § 150B-36(c) that has no agency or board action.[1]

---

1. The best case dealing with this procedural scenario is *Lincoln Cty. DSS v. Hovis*, 150 N.C. App. 697, 564 S.E.2d 619 (2002), in which this Court reviewed a superior court order affirming an ALJ's decision made pursuant to section 150B-36(c)(3) that resolved the contested case against respondent Department of Social Services for its failure to respond to discovery orders. *See* N.C. Admin. Code tit. 26, r. 3.0114(a)(1) (June 2004) (also allowing the ALJ to find against a party failing to respond to inter-

Nonetheless, consistent with this case law, when reviewing an order from a superior court acting in an appellate capacity, our scope of review is restricted to evaluating the trial court's order for errors of law. *Shackleford-Moten,* 155 N.C. App. at 572, 573 S.E.2d at 770 (citing *ACT-UP Triangle,* 345 N.C. at 706, 483 S.E.2d at 392). "[A]n appellate court's obligation to review for errors of law, see N.C.G.S. §§ 7A-27(b), 150B-52, N.C.R. App. P. 16(a), 'can be accomplished by addressing the dispositive issue(s) before the agency and the superior court' and determining how the trial court *should have* decided the case upon application of the appropriate standards of review." *Carroll,* 358 N.C. at 664-65, 599 S.E.2d at 898 (quoting *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.,* 146 N.C. App. 388, 392, 552 S.E.2d 265, 268 (2001) (Greene, J., dissenting)). Although these cases deal with our standard of review of contested cases reaching a final agency decision, we find it authoritative for cases arising from section 150B-36(c) as well. Further, although the superior court's scope of review regarding an ALJ's final decision issued pursuant to section 150B-36(c) does not fall precisely within the plain language of any provision of N.C. Gen. Stat. § 150B-51, we determine, as the superior court did here, that the standard of review is that stated in section 150B-51(b).

**[2]** Here, the dispositive issue on review to the superior court and on appeal to this Court is whether the ALJ erred in dismissing petitioners' contested case pursuant to section 150B-36(c)(3) for failure to prosecute. This issue requires both a factual inquiry as well as a legal inquiry; to that extent we will review the ALJ's findings of fact under the whole record test and its conclusions of law *de novo* in order to determine if the superior court erred. *See Carroll,* 358 N.C. at 659, 599 S.E.2d at 894-95. We hold that the superior court should have affirmed the ALJ's order under section 150B-51(b) and thus find no errors of law in the superior court actually doing so.

The ALJ found that, after filing a petition for a contested case on 24 June 2003, petitioners filed nothing until 15 December 2003 despite receiving several orders from the ALJ to file and serve prehearing statements and other responses to motions. The ALJ further found that:

---

locutory orders). There, the Court stated that the superior court reviews final decisions issued by an ALJ pursuant to section 150B-36(c) "under G.S. § 150B-51(b) includ[ing] determining whether the decision of an ALJ contains errors of law, is supported by substantial evidence, and is neither arbitrary nor capricious." *Hovis,* 150 N.C. App. at 701, 564 S.E.2d at 621-22 (citation omitted). Yet, *Hovis* swiftly determined that the trial court did not err by upholding the ALJ's order without expressing what standard of review it was applying. *See id.*

2. Petitioner, by failure to respond through a Prehearing Statement or respond to Respondent's motion, despite orders by the [ALJ], has appeared . . . to have abandoned interest in this contested case. By Petitioner's failure to set forth its version of the facts and other items as required by the Prehearing Statement or respond to Respondent's motion, [sic] appears to concur with Respondent's assertions.

[3.] The [ALJ] has considered actions less drastic for disposing of this contested case and determines that less drastic actions will not suffice. The lack of meaningful response to the Office of Administrative Hearings prohibits even an examination by the ALJ of excusable neglect by Petitioner. Therefore, no less drastic action other than disposing of this case by dismissal would be effective in ensuring compliance with the Orders of the [ALJ] and would best serve the interests of justice.

After a thorough review of the record we conclude that there is substantial evidence in the record to support the ALJ's findings. Petitioners argue that there was no evidence supporting a finding that their failure to respond was anything other than mere delay. We cannot agree; petitioners filed nothing in this contested case; they did not merely delay filing of the requested documents. Accordingly, having found substantial evidence supporting the ALJ's findings, we will review the dismissal for errors of law.

[3] Despite petitioners' arguments to the contrary, we discern no errors of law in the ALJ's order. The ALJ's order in this case was quite thorough, citing numerous cases and noting that its decision was pursuant to N.C. Admin. Code tit. 26, r. 3.0114(a) (June 2004) and N.C. Gen. Stat. § 1A-1, Rule 41(b). Dismissal of a contested case is admittedly a drastic sanction, but one within the plain language of the ALJ's statutory and regulatory power to sanction a party for failure to comply with an order.

The administrative code provides that "[i]f a party fails . . . to comply with an interlocutory order of an administrative law judge, the administrative law judge may . . . [d]ismiss or grant the motion or petition[.]" N.C. Admin. Code tit. 26, r. 3.0114(a) (June 2004). Additionally, the administrative code also provides that the Rules of Civil Procedure "shall apply" to contested cases. N.C. Admin. Code tit. 26, r. 3.0101(a) (June 2004). Rule 41(b) of the Rules of Civil Procedure allows a court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these

rules or any order of court[.]" N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). This Court has reversed orders of dismissal under Rule 41(b) if the order did not include findings that plaintiff's delay was deliberate and less drastic sanctions were unavailable. *See Page v. Mandel*, 154 N.C. App. 94, 102, 571 S.E.2d 635, 640 (2002); *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001). Here though, the ALJ's order included all the necessary findings to support a legal conclusion of dismissal.

But, petitioners contend that the trial court erred in affirming the ALJ's order because the Notice of Hearing did not comply with N.C. Gen. Stat. § 150B-23(b) (2003), which states:

> The parties to a contested case shall be given a notice of hearing not less than 15 days before the hearing by the Office of Administrative Hearings. If prehearing statements have been filed in the case, the notice shall state the date, hour, and place of the hearing. If prehearing statements have not been filed in the case, the notice shall state the date, hour, place, and nature of the hearing, shall list the particular sections of the statutes and rules involved, and shall give a short and plain statement of the factual allegations.

*Id.* The notice of hearing filed in this case did not list the statutes and rules involved or give a short and plain statement of the facts, but those details were not necessary. According to the plain language of the statute, those details are only necessary if prehearing statements have not been filed. Here, an order was issued for prehearing statements, to which respondent replied, and the notice of hearing was in accordance with prehearing statements having been filed. We cannot agree with petitioners that the ALJ should be required to issue a notice of hearing as if he had not ordered that the prehearing statements be filed and, indeed, the only party dealing with the OAH had filed its prehearing statement.

Next, petitioners argue that since the final decision of the ALJ was not served via certified mail, it was improper, an error of law, and the trial court should have reversed. We disagree. Petitioners argue that since N.C. Gen. Stat. §§ 150B-36(b3) and 150B-42(a) require an agency to mail its final decision certified mail, absent a statute of exemption, the ALJ's final decision should be mailed in the same manner. There is no support for that deductive logic since the plain language of those statutes applies to agencies, not the OAH. However, the administrative code does state that "[a] copy of a final decision

issued by an administrative law judge shall be served on each party in accordance with G.S. 150B-36." N.C. Admin. Code tit. 26, r. 3.0131 (June 2004). There is only one sentence dealing with service listed within section 150B-36, and although addressed in the statute to an agency, it states that service shall be "personally or by certified mail addressed to the party at the latest address given by the party . . ." N.C. Gen. Stat. § 150B-36(b3) (2003). In order to give the administrative code section any validity, the final decision must be served personally or by certified mail. Here it was not. Yet we cannot hold that this violation prejudiced petitioners' substantial rights in any way; petitioners do not deny receiving a copy of the final decision and received full judicial review of the decision in superior court. *See* N.C. Gen. Stat. § 150B-51(b)(3) (2003) (reversal, modification, or remand are available "if the substantial rights of the petitioners may have been prejudiced because . . . [the decision was] [m]ade upon unlawful procedure[.]").

Lastly, based mainly on the fact that petitioners were proceeding *pro se*, they argue that the ALJ's decision was arbitrary and capricious and a violation of due process. We find these contentions wholly without merit; the ALJ's order was well reasoned and followed all applicable law in determining whether to dismiss petitioners' contested case. Petitioners argue that the OAH should have sent additional requests for prehearing statements, as evidenced in other contested cases they cite. While laudable in the child support cases cited by petitioners, nothing in the statutes or regulations requires this action, especially in a contested case against a childcare company allegedly owing over $60,000.00 in reimbursement money from a federal program requiring the recipient to, among other things, keep accurate business records.

In conclusion, we have reviewed the superior court's order for errors of law as required by N.C. Gen. Stat. § 150B-52 and interpreted by *Carroll* and *Capital Outdoor, Inc.* We hold that the superior court did not err in affirming the ALJ's order dismissing petitioners' contested case for failure to prosecute.

Affirmed.

Judges McGEE and CALABRIA concur.