SHARRON SHACKLEFORD-MOTEN, Plaintiff v. LENOIR COUNTY DEPT. OF
SOCIAL SERVICES, Defendant

No. COA00-1513-2

(Filed 31 December 2002)

**Appeal and Error— preservation of issues—superior court
review of agency decision—subject matter jurisdiction—
assignments of error and briefing required**

A superior court order in an administrative law action was
affirmed where plaintiff raised subject matter jurisdiction issues
in superior court but did not assign error to them or brief them to
the Court of Appeals.

Appeal by plaintiff from order and judgment entered 26 May 2000
by Judge Charles H. Henry in Lenoir County Superior Court.
Originally heard in the Court of Appeals 16 October 2001.

*William J. Little, III, P.A., by William J. Little, III, for plaintiff-
appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Mark A. Davis and
Tamara P.W. Desai, for defendant-appellee.*

THOMAS, Judge.

Plaintiff, Sharron Shackleford-Moten, appeals the trial court's
order upholding her dismissal from employment by defendant, Lenoir
County Department of Social Services (DSS).

She contends the local appointing authority: (1) violated her due
process rights by failing to comply with N.C. Gen. Stat. § 150B-36(b)
in entering its decision, and by not being an unbiased, impartial deci-
sion maker; (2) used matters outside the record in reaching its deci-
sion; and (3) reached a decision that was arbitrary and capricious and
affected by errors of law. For the reasons herein, we affirm.

Plaintiff was employed as a Social Worker III with DSS for
approximately nine years. In March 1996, a child fatality occurred in
a case assigned to her. A review of the case file indicated errors and
omissions by plaintiff in the handling of the case. Plaintiff's supervi-
sor, Delores Bunch, informed her that all of her cases would be
reviewed and that disciplinary action could be taken.

Plaintiff subsequently made allegations that Jack Jones, Director of Lenoir County DSS, had subjected her to racial harassment, racial discrimination and retaliation. These allegations were communicated to the DSS Board of Directors.

On 24 April 1996, plaintiff requested leave without pay pending resolution of her allegations against Jones by the DSS Board. The DSS Board denied plaintiff's request to have her grievance heard and she was instructed to proceed in accordance with the County's grievance policy. On 30 April 1996, Jones denied plaintiff's leave request because she had not provided sufficient explanation of her need for leave time.

On 1 May 1996, plaintiff submitted a request for leave under the Family and Medical Leave Act (FMLA). This request for FMLA leave was approved by Jones and plaintiff's leave time was applied retroactive to 24 April 1996. Plaintiff returned to work on 3 June 1996 after the expiration of her FMLA leave.

On 21 August 1996, plaintiff's attorney wrote Jones asking that plaintiff be placed on "leave without pay" status until the investigation of her case files was completed. On 23 August 1996, she was absent from work on sick leave but appeared at DSS offices with her attorney. They requested a meeting with Jones. Plaintiff and her attorney left before having an opportunity to meet with Jones, however, and when Jones telephoned plaintiff later that day, she refused to meet with him. Plaintiff told Jones to deal with her attorney. Jones reminded plaintiff that she would need to follow the County's leave policy. Plaintiff did not resume her duties at work thereafter.

On 5 September 1996, Jones sent a letter to plaintiff instructing her to return to work on 9 September 1996. The letter advised plaintiff that her failure to do so would be treated as a voluntary resignation without notice under the "Personnel Rules for Local Government Employees Subject to the State Personnel Act."

On 9 September 1996, plaintiff came to work and asked to speak with Bunch. Plaintiff told Bunch she was going to a doctor's appointment. Bunch then asked if plaintiff needed a FMLA leave request form with plaintiff responding that her FMLA leave time was exhausted. Bunch told plaintiff she needed to speak with Jones regarding additional leave time, but plaintiff refused and left. She did not return to work that day or on 10, 11, or 12 September 1996. Plaintiff neither requested nor received authorization for these absences. In fact, all of her absences from 26 August 1996 forward were unauthorized.

On 12 September 1996, plaintiff was informed by letter from Jones that her refusal to report to work constituted a voluntary resignation without notice which carried no appeal or grievance rights under the Office of State Personnel Rules.

On 28 October 1996, plaintiff filed a petition for a contested case hearing with the Office of Administrative Hearings alleging her termination was without just cause and was based on racial discrimination and retaliation. Following a hearing, the ALJ issued its recommended decision concluding plaintiff's separation from employment was not a voluntary resignation without notice. The recommendation was for plaintiff to be reinstated. The ALJ also concluded there was no evidence of retaliation by Jones against plaintiff.

On 9 April 1998, the State Personnel Commission (SPC) issued an advisory opinion adopting the ALJ's recommended decision. The SPC also denied plaintiff's motion for recusal of defendant as the final decision maker.

On 9 July 1998, Jones, who as Director of DSS was the local appointing authority pursuant to N.C. Gen. Stat. § 126-37, issued the final agency decision in this matter. Jones rejected the SPC's advisory opinion. He concluded that plaintiff's separation from the employ of DSS was properly deemed a voluntary resignation without notice.

On 29 July 1998, plaintiff filed a petition for judicial review pursuant to N.C. Gen. Stat. § 150B-46. By order entered 26 May 2000, the superior court affirmed the local appointing authority's final decision. Plaintiff appeals.

This Court granted defendant's motion to dismiss plaintiff's appeal due to extensive violations of the Rules of Appellate Procedure. *See Shackleford-Moten v. Lenoir Co. DSS*, 147 N.C. App. 525, 558 S.E.2d 262 (2001) (unpublished). However, the Supreme Court entered an order on 27 June 2002 vacating this Court's dismissal of plaintiff's appeal and remanding for reconsideration on the merits. *See Shackleford-Moten v. Lenoir Co. DSS*, 355 N.C. 751, 565 S.E.2d 670 (2002). We now proceed.

Under the North Carolina Administrative Procedure Act (NCAPA), a final agency decision is subject to superior court review as follows:

[I]n reviewing a final decision, the court may affirm the decision of the agency or remand the case to the agency or to the admin-

istrative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2001).

The superior court's standard of review is dictated by the nature of the errors asserted. *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997); *Brooks, Comr. of Labor v. Grading Co.*, 303 N.C. 573, 580, 281 S.E.2d 24, 28 (1981). If the petitioner argues the agency's decision was affected by an error of law, *de novo* review is required. *Deep River Citizen's Coalition v. N.C. Dep't of Env't & Natural Res.*, 149 N.C. App. 211, 213, 560 S.E.2d 814, 816 (2002). If the petitioner questions whether the agency's decision was supported by the evidence, was arbitrary and capricious or was the result of an abuse of discretion, the reviewing court must apply the "whole record" test. *Hedgepeth v. N.C. Div. of Servs. For the Blind*, 142 N.C. App. 338, 346, 543 S.E.2d 169, 174 (2001).

*De novo* review requires a court to consider a question anew, as if the agency has not considered or decided it. *Blalock v. N.C. Dep't of Health and Human Servs.*, 143 N.C. App. 470, 475-76, 546 S.E.2d 177, 182 (2001). However, under the "whole record" test, the trial court must examine all competent evidence (the "whole record") in order to determine whether the agency decision is supported by substantial evidence. *ACT-UP Triangle*, 345 N.C. at 706, 483 S.E.2d at 392 (citing *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994)).

The proper appellate standard for reviewing a superior court order examining a final agency decision is to examine the order for errors of law. *ACT-UP Triangle*, 345 N.C. at 706, 483 S.E.2d at 392. Until recently, precedent suggested that an appellate court's obligation to review a superior court's order for errors of law included determining whether the superior court exercised the appropriate scope of review. *Id.; Deep River*, 149 N.C. App. at 213, 560 S.E.2d at 816; *Hedgepeth*, 142 N.C. App. at 347, 543 S.E.2d at 175. If the superior court did not, or its order was unclear, this Court reversed and remanded with directions to the superior court to (1) advance its own characterization of the issues presented by the petitioner, and (2) clearly delineate the standards of review, detailing the standards used to resolve each distinct issue raised. *Deep River*, 149 N.C. App. at 215, 560 S.E.2d at 817; *Hedgepeth*, 142 N.C. App. at 349, 543 S.E.2d at 176.

However, our Supreme Court reversed this line of cases in a recent per curiam decision for reasons stated in a dissenting opinion from this Court. In *Capital Outdoor, Inc. v. Guilford Cty. Bd.. of Adjust.*, 146 N.C. App. 388, 552 S.E.2d 265 (2001), *rev'd per curiam*, 355 N.C. 269, 559 S.E.2d 547 (2002), Judge Greene, in a dissenting opinion, wrote that an appellate court's obligation to review a superior court order examining an agency decision "can be accomplished by addressing the dispositive issue(s) before the agency and the superior court without examining the scope of review utilized by the superior court." *Id.* at 392, 552 S.E.2d at 268 (Greene, J., dissenting). Thus, in reviewing a superior court order examining an agency decision, an appellate court must determine whether the agency decision (1) violated constitutional provisions; (2) was in excess of the statutory authority or jurisdiction of the agency; (3) was made upon unlawful procedure; (4) was affected by other error of law; (5) was unsupported by substantial admissible evidence in view of the entire record; or (6) was arbitrary, capricious, or an abuse of discretion. N.C. Gen. Stat. § 150B-51 (2001). In performing this task, the appellate court need only consider those grounds for reversal or modification raised by the petitioner before the superior court and properly assigned as error and argued on appeal to this Court. *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118 (1994); *Professional Food Services Mgmt. v. N.C. Dep't of Admin.*, 109 N.C. App. 265, 268, 426 S.E.2d 447, 449 (1993).

In its final decision, the local appointing authority included, among others, the following two reasons: (1) plaintiff had no right to appeal the local appointing authority's determination that her separa-

tion from employment was a voluntary resignation without notice, *see* 25 NCAC 1D.0518 (2002) (voluntary resignation from employment "is a voluntary separation from state employment and creates no right of grievance or appeal pursuant to the State Personnel Act"); and (2) plaintiff's contested case petition was untimely filed, *see* N.C. Gen. Stat. § 126-38 (2001) ("[a]ny employee appealing any decision or action shall file a petition for a contested case with the Office of Administrative Hearings as provided in G.S. 150B-23(a) no later than 30 days after receipt of notice of the decision or action which triggers the right of appeal."). These reasons relate to the subject matter jurisdiction of OAH, and in turn the superior court, to hear plaintiff's case through the contested case procedure established by the NCAPA.

Plaintiff properly asserted error as to these and other issues in her petition for judicial review to the superior court and argued them in her *accompanying memorandum of law.* The superior court ruled against plaintiff on most issues, including these two subject matter jurisdiction issues. In the concluding paragraph of its order, the superior court stated: "Further, with the exception of number six, the remaining reasons given by the respondent in rejecting the advisory decision of the State Personnel Commission, were supported by substantial evidence in view of the entire record." The subject matter jurisdiction issues noted above were Reasons # 2 & # 3 in the final decision.

Despite having raised these subject matter jurisdiction issues in superior court, plaintiff has not assigned error to them or addressed them in her brief to this Court. This Court will only review those assignments of error set forth in the record on appeal and properly brought forward in the briefs. *See* N.C.R. App. P. 10(a); N.C.R. App. P. 28(a). Since plaintiff has failed to assign as error and argue two conclusions of law by the superior court which, if upheld, would defeat plaintiff's claim due to a lack of subject matter jurisdiction, we are constrained to affirm the superior court's order.

We have also reviewed plaintiff's assignments of error which are properly set forth and argued in her brief and find them lacking in merit.

For the reasons herein, we affirm the superior court's order.

Affirmed.

Judges GREENE and HUNTER concur.