*351 HUDSON, Judge.
On 1 June 2000, the North Carolina Department of Environment and Natural Resources Division of Waste Management ("DENR") issued a permit to Chambers Development of North Carolina, Inc. ("Chambers"), to build a multi-state solid waste landfill in Anson County. Anson County Citizens Against Chemical Toxins in Underground Storage, Blue Ridge Environmental Defense League, Inc., and Anson County residents Mary Gaddy, Bobby Smith, and Emma *352 Smith ("petitioners") appealed the issuance of the permit, by filing a contested case petition on 30 June 2000. The Administrative Procedures Act was amended by the General Assembly, but the amendments apply only to contested cases filed after 1 January 2001. This case is governed by the previous statute and cases decided thereunder.
Following an evidentiary hearing, an administrative law judge (ALJ) issued a recommended decision filed 5 June 2001. The ALJ concluded that DENR had "acted erroneously, failed to follow proper procedure, acted arbitrarily or capriciously, and failed to act as required by law or rule" and that the permit was void. On review by DENR, all parties had the opportunity to file exceptions and briefs with the agency, which also heard oral arguments. On 5 January 2002, DENR filed its final agency decision, which declined to adopt the findings and conclusions of the recommended decision, and ruled against petitioners on all contentions. Petitioners filed a petition for judicial review of the final agency decision, and on 1 July 2003, the Superior Court in Wake County filed its order affirming that decision. Petitioners appeal. For the reasons discussed below, we affirm.
Our Supreme Court recently adopted a dissenting opinion of this Court, which clarified this Court's standard of review of a superior court order examining an agency decision. An appellate court's review "can be accomplished by addressing the dispositive issue(s) before the agency and the superior court without examining the scope of review utilized by the superior court." Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust., 146 N.C.App. 388, 392, 552 S.E.2d 265, 268 (2001), rev'd per curiam, 355 N.C. 269, 559 S.E.2d 547 (2002) (Greene, J., dissenting). "Thus, in reviewing a superior court order examining an agency decision, an appellate court must determine whether the agency decision (1) violated constitutional provisions; (2) was in excess of the statutory authority or jurisdiction of the agency; (3) was made upon unlawful procedure; (4) was affected by other error of law; (5) was unsupported by substantial admissible evidence in view of the entire record; or (6) was arbitrary, capricious, or an abuse of discretion." Shackleford-Moten v. Lenoir County Dep't of Soc. Servs., 155 N.C.App. 568, 572, 573 S.E.2d 767, 770 (2002) (citing N.C. Gen.Stat. § 150B-51 (2001)). In our review, we consider only "those grounds for reversal or modification raised by the petitioner before the superior court and properly assigned as error and argued on appeal to this Court." Id.
Here, petitioners argue that DENR's compliance review of Chambers "was improperly conducted and that the agency's conclusion to grant the permit was arbitrary and capricious, and otherwise contrary to law." Specifically, petitioners first argue that DENR failed to properly review Chambers' environmental compliance record under the terms of N.C. Gen.Stat. § 130A-294. That statute mandates, in pertinent part:
(b2) The Department may require an applicant for a permit under this Article to satisfy the Department that the applicant, and any parent, subsidiary, or other affiliate of the applicant or parent:
(1) Is financially qualified to carry out the activity for which the permit is required.
(2) Has substantially complied with the requirements applicable to any solid waste management activity in which the applicant has previously engaged and has been in substantial compliance with federal and state laws, regulations, and rules for the protection of the environment.
(b3) An applicant for a permit under this Article shall satisfy the Department that the applicant has met the requirements of subsection (b2) of this section before the Department is required to otherwise review the application. In order to continue to hold a permit under this Article, a permittee must remain financially qualified and must provide any information requested by the Department to demonstrate that the permittee continues to be financially qualified.
N.C. Gen.Stat. § 130A-294 (1999).
Petitioners raised this issue at a public hearing on 13 July 1999, and in written comments to DENR. Philip Prete, the head of the Field Operations Branch of DENR's Sol *353 id Waste section, conducted the review. Mr. Prete conducts three to four compliance reviews for solid waste landfills each year. In reviewing Chambers' compliance record, Prete did not contact any other states in which violations by Chambers or its affiliates occurred to obtain details or follow-up information. Mr. Prete stated that his agency's experience with an applicant in North Carolina carries much more weight than actions in other states, and that violations by Chambers or its affiliates in other states had little or no bearing on his decision. On 14 October 1999, following his review, Mr. Prete concluded that "there is nothing apparent that warrants any negative consideration for [Chambers'] facility permit."
N.C. Gen.Stat. § 130A-294 requires that an applicant satisfy DENR that it "has substantially complied with the requirements applicable to any solid waste management activity in which the applicant has previously engaged and has been in substantial compliance with federal and state laws, regulations, and rules for the protection of the environment." The statute contains no list of factors which Mr. Prete was required to consider, but rather leaves the details and methods of conducting the compliance review to DENR's discretion. However, Mr. Prete testified that he considered at least seven specific criteria, such as DENR's experience with Chambers at its North Carolina facilities, whether and how any violations were resolved, whether out-of-state violations would have violated North Carolina regulations, as well as the nature and duration of any violations. In addition, the applicant need only show compliance to DENR's satisfaction. Thus, under this statute, the agency has broad discretion both to determine what factors to consider and how to weigh those factors. Although on this record, DENR could have reached other conclusions than it did, we see no violation of the statute here in DENR's compliance review of Chambers.
Petitioners next argue that DENR's decision to issue a permit to Chambers was arbitrary and capricious. We disagree.
In determining whether an agency decision is arbitrary or capricious:
"the reviewing court does not have authority to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law. The `arbitrary or capricious' standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are patently in bad faith, or whimsical in the sense that they indicate a lack of fair and careful consideration or fail to indicate any course of reasoning and the exercise of judgment...."
Lewis v. N.C. Dep't of Human Resources, 92 N.C.App. 737, 740, 375 S.E.2d 712, 714 (1989) (citations and internal quotation marks omitted). As discussed above, DENR had broad discretion under N.C. Gen.Stat. § 130A-294(b2) in conducting Chambers compliance review. Petitioners do not suggest that DENR acted patently in bad faith, and we see no evidence that DENR's review process was whimsical. To the contrary, Mr. Prete articulated the factors he considered and how he weighed them relative to each other. While petitioners argue effectively that more thorough review or different weighing of factors would have been reasonable, we cannot say that DENR's process "fail[s] to indicate any course of reasoning and the exercise of judgment." The order of the superior court concluded as much, and we find insufficient justification to overturn it given the statutory standard as applied in the cases above.
Affirmed.
Judges TYSON and BRYANT concur.